UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No.:

RITA CASEY,

Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendants.
_________________________/

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, as well as Middle District Local Rule 1.06, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM"), through undersigned counsel, files this Notice of Removal of an action pending in the Circuit Court of the Eighth Judicial Circuit in and for Bradford County, Florida, Case No. 2023-CA-113, to the United States District Court, Middle District of Florida, Jacksonville Division. In support of its Notice of Removal, STATE FARM states as follows:

## STATE FARM SATISFIED THE REQUIREMENTS OF REMOVAL

1. Pursuant to 28 U.S.C. § 1446, STATE FARM hereby removes the action brought against it by Plaintiff, RITA CASEY ("Plaintiff"), in the Circuit Court, Eighth Judicial Circuit in and for Bradford County, Florida, Case No. 2023-CA-113.

2. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and legible copies of "all process, pleadings, and orders served upon" STATE FARM in the above-captioned action, including any additional documents "docketed in the state court" are attached **as Exhibit "A" (Complaint), Exhibit "B" (STATE FARM Answer), Exhibit "C" (Docket Sheet), and composite Exhibit "D"** to this Notice of Removal.

3. This Notice of Removal is being filed within one year of commencement of the action as required by 28 U.S.C. §1446(c)(1). Specifically, this action "commenced" on March 16, 2023, when Plaintiff RITA CASEY, a citizen of Florida, filed a Complaint for Damages in the Circuit Court, Eighth Judicial Circuit, in Bradford County, Florida, Case No. 2023-CA-113, against defendants STATE FARM and KATELYN DONOVAN and RYAN DONOVAN, (*See* **Exhibit "A,"** Complaint; and **Exhibit "D"**).

4. The Complaint, filed by Plaintiff on March 16, 2023, contains three (3) counts as follows:

**COUNT I: RITA CASEY V. RYAN DONOVAN**
**COUNT II: RITA CASEY V. KATELYN DONOVAN**
**COUNT III: RITA CASEY V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

(**Exhibit "A,"** Complaint, ¶¶ 9-16).

5. Plaintiff perfected service on defendant, STATE FARM, a citizen of Illinois[1], on March 22, 2023. (**Exhibit "D"**). KATELYN and RYAN DONOVAN, citizens of Florida, on October 10, 2023. (**Exhibit "D"**). The case stated by the initial pleading served upon STATE FARM was not initially removable as diversity of citizenship did not exist since Plaintiff and co-defendants, KATELYN and RYAN DONOVAN were citizens of the state of Florida. ( *See* **Exhibit "A,"** Complaint).

6. This case became removable on February 19, 2024. On February 19, 2024, STATE FARM received, by e-service, a copy of Plaintiff's Notice of Dismissal with Prejudice as to co-defendants KATELYN and RYAN DONOVAN. (**Exhibit "D"**, Plaintiff's Notice of Dismissal). Therefore,

[1]STATE FARM is an incorporated mutual organization, organized under the laws of Illinois, with its principal place of business in Bloomington, Illinois and, thus, a citizen of Illinois for the purpose of determining diversity under 28 U.S.C. § 1332(c).

Plaintiff dismissed with prejudice the claims against co-defendants KATELYN and RYAN DONOVAN, removing them from this litigation.

7. The Notice of Dismissal with Prejudice as to KATELYN and RYAN DONOVAN is the paper from which it may be first ascertained that the case is one which is or has become removable. This Notice of Removal is filed within 30 days of STATE FARM's receipt of this Notice of Dismissal with Prejudice as to KATELYN and RYAN DONOVAN and is timely pursuant to 28 U.S.C. § 1446(b)(3). (**Exhibit "D"**, Plaintiff's Notice of Dismissal).

8. The Plaintiff dismissed with prejudice Counts I and II against RYAN and KATELYN DONOVAN (respectively). (**Exhibit "D"**, Plaintiff's Notice of Dismissal; *see generally* **Exhibit "A"**, Complaint, ¶¶ 9-10).

9. In light of the dismissal with prejudice of Counts I and II, Plaintiff's Complaint for Damages now alleges a single count solely against STATE FARM titled "**COUNT III: RITA CASEY V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**[.]" (**Exhibit "A"**, Complaint, ¶¶ 10-16; *see also* **Exhibit "D"**, Plaintiff's Notice of Dismissal).

10. Therefore, the remaining parties are completely diverse. Plaintiff is a citizen of the state of Florida and STATE FARM is a citizen of the state of

Illinois. Thus, removal is appropriate under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446(b)(2)(a).

11. As set forth in more detail below, this action is one in which the United States District Courts are given diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy, as alleged, seeks an amount over $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship of the parties. Plaintiff, a citizen of Florida, could have filed the action against STATE FARM, a citizen of Illinois, in this Court pursuant to 28 U.S.C. § 1332, because it is a civil action between citizens of different states and because Plaintiff has put into controversy an amount over $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332.

12. Venue is proper in this District, pursuant to 28 U.S.C. § 1441(a), because this District and Division embrace the place where the removed action has been pending. *See Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1296 (11th Cir. 2001); 28 U.S.C. § 1441(a) (a defendant removing from state court "shall file in the district court of the United States for the district and division within such action is pending a notice of removal…").

13. The state court action is pending in the Eighth Judicial Circuit in and for Bradford County, Florida. The United State District Court for the

Middle District of Florida, Jacksonville Division, encompasses Bradford County, Florida.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal, together with a copy of this Notice of Removal, will be filed with the Clerk of the Eighth Judicial Circuit in and for Bradford County, Florida, and Defendant STATE FARM will promptly serve Plaintiff with a copy of the Notice of Removal. *See* **Exhibit "E."**

## I. REMOVAL IS PROPER IN THIS CASE

### A. THERE IS DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES

15. At the time of the Plaintiff's filing of the Notice of Dismissal with Prejudice, and at the time of the filing of this Notice of Removal, Defendant, STATE FARM, was and is an incorporated mutual organization, organized under the laws of Illinois, with its principal place of business in Bloomington, Illinois. A copy of the records of the Division of Corporations of the official website of the State of Florida, sunbiz.org, identifying STATE FARM as a Foreign Profit Corporation with a principal address in Bloomington, Illinois is attached hereto **as Exhibit "F**." Accordingly, STATE FARM is a citizen of Illinois pursuant to 28 U.S.C. § 1332(c).

16. At all relevant times, Plaintiff RITA CASEY has been and continues to be a Florida citizen. As set forth in the Complaint, Plaintiff was a "resident of Duval County, Florida" "at all times material to this action[.]" (**Exhibit "A"**, Complaint, ¶ 2). According to her interrogatory answers, verified under oath, her address is in Jacksonville, Florida, and she has resided in Jacksonville for the last two (2) years. A true copy of her interrogatory answers is attached hereto **as Exhibit "G."** She possesses a Florida driver's license, which was produced to STATE FARM during discovery in this litigation. A redacted copy of that driver's license is attached **as Exhibit "H**."

17. Additionally, Plaintiff also filed a Civil Remedy Notice with the Florida Department of Financial Services on November 07, 2023, which lists her address as 14850 NE 57th Place, Williston, Florida 32696. A copy of the Civil Remedy Notice is attached **as Exhibit "I."** As such, it is clear Plaintiff is a citizen of Florida.

18. Because Plaintiff is a citizen of Florida and STATE FARM is a citizen of Illinois, complete diversity exists under 28 U.S.C. § 1332. *See also* 28 U.S.C. § 1441(b)(2).

**B. AMOUNT IN CONTROVERSY**

19. By allegation, the nature and extent of damages claimed by Plaintiff against STATE FARM satisfy and/or exceed the amount in controversy requirement of 28 U.S.C. § 1332. Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000.00, exclusive of costs and interests. Only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold is required in a notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (quoting 20 U.S.C. § 1446(a)).

20. "A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount." *Zelonka v. Gyarmati*, No. 2:22-cv-347, 2022 U.S. Dist. LEXIS 136416 (M.D. Fla. Aug. 1, 2022), *5, (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). The Court may use its judicial experience and common sense and may also "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

21. At issue is an uninsured/underinsured motorist claim brought by the Plaintiff against their uninsured/underinsured motorist carrier, STATE FARM. The Complaint alleges that STATE FARM issued an automobile liability insurance policy to the Plaintiff which included uninsured/underinsured motorist coverage. ( *See* **Exhibit "A"**, Complaint, ¶ 10). Plaintiff further alleges in the Complaint that she has suffered injuries and incurred damage due to the negligence of RYAN DONOVAN, who Plaintiff alleges is/was uninsured/underinsured. (***Id.*** at ¶¶ 11,16).

22. Thus, Plaintiff is bringing a claim for damages. (*See generally* **Exhibit "A"**, Complaint). Specifically, Plaintiff alleges she suffered "bodily injury including permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life." (**Exhibit "A"**, Complaint, ¶ 16). Plaintiff alleges that the above "losses are either permanent or continuing and Plaintiff will suffer the losses in the future." (***Id.***). As further explained below,

Plaintiff put into controversy an amount in excess of $75,000.00, notwithstanding the fact that STATE FARM denies any liability for Plaintiff's alleged damages and the alleged value of the same.

23. While the Plaintiff's Second Amended Complaint asserts this is an action for damages "that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00)" and does not plead a specific amount of damages, (**Exhibit "A,"** Complaint, ¶ 1), Florida practice permits recovery of excess of the amount demanded.

24. Of note, Plaintiff completed a Form 1.997 Civil Cover Sheet. *See* **Exhibit "J."** Question II of that form instructs Plaintiff to indicate "the estimated amount of the claim, rounded to the nearest dollar." Plaintiff was presented six categories for the amount of its claim, ranging from $8,000 or less, $8,001 to $30,000, $30,0001 to $50,000, $50,001 to $75,000, $75,001 to $100,000, and "over $100,000.00". Presented with these category options, Plaintiff selected and checked the box "over $100,000.00[.]" The question and Plaintiff's selected answer from **Exhibit "J"** are embedded here:[2]

[2] While the question indicates the "estimated amount of the claim is requested for data collection and clerical processing purposes only", and the "amount of the claim shall not be used for any other purpose," it strains reason to suggest that Plaintiff's choice of "over

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☒ over $100,000.00

25. In selecting the highest possible category for the amount of Plaintiff's actual damages "over $100,000.00", coupled with the allegations on the face of the Complaint as well as via other papers that may be considered by this Court, the alleged amount in controversy exceeds $75,000.00. Indeed, if Plaintiff's valuation of her claim was a "close call," Plaintiff could have selected the prior selection option, "$75,001 to $100,000". Instead, Plaintiff selected, on her own volition, the highest possible option, indicating that Plaintiff has put into controversy an amount in excess of $100,000.00.

26. Further, the allegations of the Complaint itself show that Plaintiff has put into controversy an amount in excess of $75,000,00, exclusive of interest and costs. Specifically, by her Complaint, Plaintiff is seeking to recover "non-

---

$100,000.00" does not accurately reflect its representation of the value of its claim, and hence, the minimum amount in controversy.

stacking" uninsured/underinsured motorist ("UIM") coverage from a policy with $100,000.00 per person limits for damages she incurred in an automobile accident with an alleged uninsured/underinsured motorist. (**Exhibit "A,"** Complaint, ¶ 12). Thus, the claims pled in the Complaint seek to establish entitlement to over $75,000.00 in UIM coverage.

27. Further, Plaintiff's counsel filed a civil remedy notice on November 7, 2023, with the Florida Department of Financial Services, in which Plaintiff's counsel demanded payment of $100,000.00 in underinsured motorist benefits. (**Exhibit "I"**). The civil remedy notice asserted that "the value of [Plaintiff's] claim is clearly worth more than $100,000.00 available to [Plaintiff]" under her insurance policy. (*Id.*). Plaintiff alleges, as a result of the accident, she sustained cervical disc herniations at C3-4, C5-6, and C6-7. (*Id.*). Plaintiff further alleges, in the civil remedy notice, that Plaintiff's "Past Pain and Suffering totals $106,240.00… ." (*Id.*). Plaintiff also asserts Plaintiff's "expected future pain and suffering totals $1,635,200.00… ." (*Id.*).

28. Therefore, Plaintiff has put into controversy an amount over $75,000.00 and the amount in controversy element is satisfied.

29. Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be

removed to this Court by the Defendant herein, pursuant to 28 U.S.C. §§ 1441 and 1446, as this is an action between citizens of different states and is a civil action in which the amount of the controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**WHEREFORE**, Defendant, State Farm Mutual Automobile Insurance Company, hereby respectfully removes this action from the Circuit Court of the 8th Judicial Circuit in and for Bradford County, Florida to the Middle District of Florida, Jacksonville Division.

Dated this 15th day of March, 2024.

Respectfully submitted,

**MARKS, GRAY, P.A.**

*/s/ Julianna Favale*
Crystal T. Broughan, Esq.
Florida Bar No.: 863343
Julianna R. Favale, Esq.
Florida Bar No. 1032046
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
Email: cbroughan@marksgray.com
jfavale@marksgray.com
ssa@marksgray.com
jmcduffie@marksgray.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 15th day of March, 2024, this Notice of Removal was served by U.S. Mail and via E-Mail to the following counsel:

Jacob B. Barrow, Esquire
Morgan & Morgan, P.A.
104 North Main Street, Suite 500
Gainesville, Florida 32601
jbarrow@forthepeople.com
adrianachavez@forthepeople.com
jreynolds@forthepeople.com
*Attorneys for Plaintiff*