**IN THE CIRCUIT COURT OF THE
EIGHTH JUDICIAL CIRCUIT IN
AND FOR BRADFORD COUNTY, FLORIDA**

RITA CASEY,

       Plaintiff(s),

vs.

                                        CASE NUMBER: 2023-CA-113
                                        Circuit Civil Division

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, KATELYN
DONOVAN and RYAN DONOVAN,

       Defendant(s).
_____/

## AMENDED COMPLAINT

Plaintiff, by and through the undersigned attorneys, sues Defendants and alleges:

1. This is an action for damages that exceeds the sum of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$50,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material to this action, Plaintiff was a resident of Duval County, Florida.

3. At all times material to this action, Defendant RYAN DONOVAN was a resident of Bradford County, Florida.

1

4. At all times material to this action, Defendant KATELYN DONOVAN was a resident of Bradford County, Florida.

5. On or about January 12, 2022, Defendant RYAN DONOVAN operated a motor vehicle that was owned by Defendant KATELYN DONOVAN in Bradford County, Florida.

6. At that time and place, Defendant RYAN DONOVAN negligently operated or maintained the motor vehicle so that it collided with a vehicle operated by the Plaintiff.

7. Defendant KATELYN DONOVAN is responsible for the negligence of Defendant RYAN DONOVAN pursuant to Florida's Dangerous Instrumentality Doctrine.

8. By accepting the privilege extended by the laws of Florida to owners and operators of a motor vehicle within the State of Florida, Defendants KATELYN DONOVAN and RYAN DONOVAN have appointed Florida's Secretary of State as agent to accept service of process in this action.

## COUNT I: RITA CASEY V. RYAN DONOVAN

9. As a result, of the negligence of Defendant RYAN DONOVAN Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## COUNT II: RITA CASEY V. KATELYN DONOVAN

10. As a result, of the negligence of Defendant RYAN DONOVAN, for which Defendant KATELYN DONOVAN is liable, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life,

expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

### COUNT III: RITA CASEY V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

10. Prior to January 12, 2022, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY issued and delivered to Plaintiff in Levy County, Florida, a policy of automobile insurance numbered J81 4896-A31-59 which afforded Plaintiff uninsured motorist coverage and was in full force and effect on the date of the motor vehicle collision described herein.

11. At all times material to this action RYAN DONOVAN was an uninsured/underinsured motorist as defined by applicable Florida law and the Plaintiff's automobile insurance policy.

12. Under the terms of the insurance policy, Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY provided non-stacking uninsured motorist coverage for the Plaintiff in the amount of $100,000.00 per person/$300,000.00 per occurrence.

13. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has in its custody and control a copy of the insurance policy and, therefore, it is not attached to the Complaint.

14. The Plaintiff has furnished Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY timely notice of the automobile collision and proof of the claim for damages described below and has otherwise performed all conditions precedent to recovery under the automobile insurance policy for uninsured/underinsured motorist coverage.

15. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY has refused to pay the Plaintiff for the full value of the claim.

16. As a direct and proximate result of the negligence of RYAN DONOVAN, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants and other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.

Respectfully submitted this day of September 20, 2023.

/s/ Jacob B. Barrow
Jacob B. Barrow, Esquire
FBN # 1011266
Morgan & Morgan, P.A.
104 North Main Street, Suite 500
Gainesville, FL 32601
P: (904) 361-7184
F: (904) 361-4482
JBarrow@forthepeople.com
AdrianaChavez@forthepeople.com
JReynolds@forthepeople.com
Attorneys for Plaintiff(s)